

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| MINNEWAWA, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 6:16-02717-MGL |
| § | |
| DOYLE HAMILTON STANSELL, JR. and § | |
| JOSEPH LEE STANSELL both doing business § | |
| as THE DUKE STANSELL COMPANY, § | |
| § | |
| Defendants. § | |
| § | |

**ORDER DISMISSING WITHOUT PREJUDICE
PLAINTIFF'S SECOND MOTION FOR DEFAULT JUDGMENT**

### I.  INTRODUCTION

This is a breach of contract action arising out of Plaintiff's purchase of two textile looms from Defendants. The Court has jurisdiction over this matter under 28 U.S.C. § 1332. Pending before the Court is Plaintiff's Second Motion for Default Judgment. ECF No. 14. Having carefully considered the Motion, the record, and the applicable law, it is the judgment of the Court Plaintiff's Second Motion for Default Judgment will be dismissed without prejudice.

### II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed its original complaint (Complaint) on August 3, 2016. ECF No. 1. Plaintiff served Defendant Doyle Hamilton Stansell, Jr. with an applicable summons and copy of the

1

Complaint on August 5, 2016.  *See* ECF No. 5.  On August 8, 2016, Plaintiff served Defendant Joseph Lee Stansell with an applicable summons and copy of the Complaint.  *See* ECF No. 6.  Defendants failed to timely respond to the Complaint.  Plaintiff filed a request for the Clerk of Court's entry of default against Defendants on September 9, 2016, ECF No. 9, and the Clerk of Court entered default as to Defendants on September 12, 2016, ECF No. 10.

Plaintiff filed a motion for default judgment on November 16, 2016.  ECF No. 11.  On December 15, 2016, the Court dismissed without prejudice Plaintiff's motion for default judgment and granted Plaintiff leave to file an amended complaint.  ECF No. 12.  Plaintiff filed an amended complaint (Amended Complaint) on January 5, 2017.  ECF No. 13.  Because Defendants had failed to appear and the Amended Complaint asserts substantively the same claims as the Complaint, Plaintiff declined to serve Defendants with the Amended Complaint in accordance with Federal Civil Procedure Rule 5(a)(2).

On January 17, 2017, Plaintiff filed its Second Motion for Default Judgment.  ECF No. 14.  In Plaintiff's Second Motion for Default Judgment, it requests the Court enter judgment against Defendants jointly and severally in the amount of $374,027.55 plus costs.  *Id.* at 4.  Plaintiff attaches several supporting materials to its Motion, including an Affidavit of Damages for Default Judgment and a Verification of Amended Complaint and Second Affidavit in Support of Default Judgment.  ECF Nos. 14-1, 14-2.

As of the filing date of this Order, Defendants have neglected to appear in this case.

### III.     STANDARD OF REVIEW

"Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States*

*v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982) (citations omitted).  In determining whether to enter a default judgment, the court must determine whether the well-pleaded allegations in a plaintiff's complaint entitle the plaintiff to the relief sought.  *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted).  "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover."  *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

**IV.     DISCUSSION AND ANALYSIS**

The Amended Complaint asserts claims for breach of contract, breach of the implied warranty of merchantability, breach of the implied warranty of fitness, negligence, and declaratory judgment.  In each of Plaintiff's claims for breach of contract, breach of the implied warranty of merchantability, breach of the implied warranty of fitness, and negligence, it asserts it has suffered damages in excess of $75,000 as a result of Defendants' actions.  ECF No. 13 ¶¶ 28-48.  In the declaratory judgment claim, Plaintiff "requests that this Court declare the rights between the Parties hereto as to the obligations and duties of the Parties pursuant to the Invoice and in respect to the Looms."  *Id.* ¶ 51.  Plaintiff does not seek any damages in connection with its declaratory judgment claim.

As stated above, Plaintiff requests in its Second Motion for Default Judgment the Court "grant its Motion and enter Judgment in favor of Plaintiff against Defendants, jointly and severally, in the amount of $374,027.55 plus costs in accordance with 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d)(1) and Local Rule 54.03(A)(1)."  ECF No. 14 at 4.  Plaintiff offers two affidavits in support of its assertion it is entitled to damages in the amount of $374,027.55.  ECF Nos. 14-1, 14-2.  Plaintiff fails to request in its Second Motion for Default Judgment the Court enter the declaratory

judgment requested in the Amended Complaint. *See* ECF No. 14. Therefore, Plaintiff has abandoned its declaratory judgment claim. *See Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 377 (4th Cir. 2012) ("A party's failure to raise or discuss an issue in his brief is to be deemed an abandonment of that issue." (citations omitted)). Because Plaintiff has abandoned its declaratory judgment claim, the Court will dismiss that claim without prejudice.

The remaining claims asserted in the Amended Complaint—breach of contract, breach of the implied warranty of merchantability, breach of the implied warranty of fitness, and negligence—are for a sum certain or a sum that can be made certain by computation. *See* ECF Nos. 13 ¶¶ 28-48, 14-1, 14-2. Therefore, under Rule 55(b)(1) of the Federal Rules of Civil Procedure, the Clerk of Court may enter default judgment on these claims upon Plaintiff's request. *See* Fed. R. Civ. P. 55(b)(1). Accordingly, the Court will dismiss without prejudice Plaintiff's Second Motion for a Default Judgment.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Plaintiff's Second Motion for Default Judgment and Plaintiff's claim in the Amended Complaint for a declaratory judgment are both **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file a request with the Clerk of Court for a default judgment on its remaining claims within ten days of the filing of this Order. Failure to file such a request or to take other action in this case may result in dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

Signed this 14th day of February 2017 in Columbia, South Carolina.

                                                       s/Mary Geiger Lewis_____
                                                       MARY GEIGER LEWIS
                                                       UNITED STATES DISTRICT JUDGE